**HINES, Director General of Railroads, et al. v. DOUGLAS. (No. 2311.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1920. Rehearing Denied Nov. 18, 1920.)

Master and servant ⬅137(3)—Engineer disobeying signal negligent as to brakeman caught on wheel.

Where a brakeman, whose overalls were being wound around a carwheel and his leg drawn under it because his feet slipped from the stirrup, gave the engineer signal to stop, but the engineer disregarded it until the brakeman called out to stop, which was too late, so that the brakeman's leg was injured, the railroad was liable for such negligence of the engineer; the brakeman not having been negligent himself.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Joe E. Douglas against Walker D. Hines, Director General of Railroads, and

others. From judgment for plaintiff, defendants appeal. Affirmed.

Prendergast & Prendergast and Hall, Brown & Hall, all of Marshall, for appellants.

Bibb & Caven, of Marshall, for appellee.

HODGES, J. The appellee sued and recovered a judgment against the appellant for the sum of $15,000 as damages for personal injuries. The facts show that appellee was in the service of the Director General as a brakeman on the line of the Texas & Pacific Railroad. On the day of the injury the train with which he was connected was at a station known as Cut-off Junction, in Louisiana, a short distance from Shreveport. After doing some switching at that station the train was required to push a car loaded with a water tank into Shreveport. On leaving the station the appellee, as was his duty, attempted to board the water-tank car for the purpose of riding to the next stop. The train was moving at about five miles an hour. He caught the grabiron on the water car in the usual and customary manner. He then attempted to place his foot in the stirrup, or step; but in some way his feet slipped out of the step and were thrust against the wheel, which was almost immediately under the steps. His left foot caught against the oil box, or front of the wheel, and the overalls on his right leg in some way were caught on the side of the wheel, and he was unable to free himself. He then released one hand from the grabiron, and, while holding with the other, gave to the engineer of the train a signal to stop. The position he occupied was only about 50 feet from the engineer, and on the engineer's side of the train. He gave the regular stop signal; but instead of stopping the train the engineer looked in the rear to see if there was any occasion for stopping, and, failing to see any, did not then obey the signal. The appellee's overalls in the meantime were being wound around the wheel, and his leg was being drawn under it. He then called to the engineer to stop, and the latter did stop within a few feet after applying the brakes. The failure to sooner stop caused the wheel to tear the flesh from the appellee's leg in such a manner that it had to be amputated about eight inches below the hip joint.

The court submitted special issues to the jury, and the following is, in substance, the finding made: (1) That the appellee signaled the engineer to stop the train; (2) that the engineer saw the signal; (3) that he negligently failed to obey the signal; (5) that the failure to obey the signal was the proximate cause of the plaintiff's injuries; (6) that the engineer did not at the time know that the plaintiff was in a perilous position; (7) that by the exercise of ordi-

nary care and the use of means at hand the engineer could have stopped the train in time to have prevented the injury; (8) that the train moved 60 feet after the engineer saw the stop signal; (9) that $15,000 is the value of the damages sustained by the plaintiff; (10) that the plaintiff was not guilty of contributory negligence. Upon these findings the court entered up a judgment in favor of the appellee for the above-mentioned sum.

The appellant contends that the facts show that appellee was guilty of contributory negligence as a matter of law, and that, because the engineer was ignorant of his perilous situation, the appellant is not liable in this case. The jury acquitted the appellee of contributory negligence, and there is nothing in the evidence to warrant a different finding upon that issue. His feet slipping from the stirrup appears to have been the result of an accident.

The jury found in appellee's favor every fact required to support the judgment. The engineer admitted that he saw the signal to stop. He refused to stop merely because he did not then see any reason for doing so. It was the duty of the appellee, when he found himself in a perilous situation, to give the signal for the train to stop. It was the duty of the engineer, upon receiving that signal, to obey it. He had no right to arbitrarily disregard it until he ascertained a reason why he should obey that regulation. There is nothing in the evidence to justify the conclusion that the engineer did not understand the full significance of the signal. The giving of that signal appears to have been the only means available to the appellee for escaping from a perilous situation.

The assignments of error are overruled, and the judgment is affirmed.